UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAHLEN KOK HAN WEE,<br><br>                Plaintiff,<br><br>v.<br><br>MADALUXE GROUP, LLC<br><br>                Defendant. | No. 21-cv-2885 (RPK) (TAM)<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Madaluxe Group, LLC ("defendant"), by and through its attorneys, Sills Cummis & Gross P.C., as and for its Answer to the First Amended Complaint ("Complaint"), responds to each of the numbered paragraphs of the Complaint as follows:

## PLAINTIFF'S INTRODUCTORY STATEMENT

It appears that the introductory paragraph of the Complaint is a summary of more specific allegations set forth elsewhere in the Complaint. To the extent that the statements in the introductory paragraph are intended as factual allegations that underlie causes of action asserted in the Complaint, defendant responds as follows. Defendant makes no response to the nature of the causes of action referenced in plaintiff's introductory paragraph of the Complaint and refers to the Complaint for the causes of action stated therein. Defendant admits it is a limited liability company organized under the laws of the State of California and that it engaged plaintiff to perform certain services for it, and denies the remaining allegations in the introductory paragraph of the Complaint.

## PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint except admits it is a limited liability company organized under the laws of the State of California, that its principal place of business is located at 1760 Apollo Court, Seal Beach, California, that its members are domiciled in the State of California, it markets, designs, manufactures and distributes luxury goods and fashion brands, and maintains several websites through which it conducts business.

## JURISDICTION AND VENUE

3. Defendant makes no response to the allegations in the first sentence of paragraph 3 of the Complaint insofar as they constitute conclusions of law to which no response to required, admits the allegations in the second sentence of paragraph 3 and denies the remaining allegations in paragraph 3.

4. Defendant makes no response to the allegations in paragraph 4 of the Complaint insofar as they constitute conclusions of law to which no response to required.

## FACTS

5. Defendant denies the allegations in paragraph 5 of the Complaint except admits it engaged plaintiff to perform certain services for a photo shoot that was agreed to be conducted during two days, and denies the remaining allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6 of the Complaint except admits that plaintiff interacted with Sandra Sholl and Julian Nieves from time to time.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint except admits plaintiff interacted with Ms. Sholl and Mr. Nieves before the photography shoots in preparation for the shoots, and denies the remaining allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10 of the Complaint except admits that a casting call was conducted with its approval.

11. Defendant denies the allegations in paragraph 11 of the Complaint except admits that plaintiff conducted the photoshoots during the course of two days and was responsible during the shoots for the activities conducted by support and other personnel associated with the shoot.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in the first sentence paragraph 13 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint except admits that it was satisfied generally with the services performed and products produced by plaintiff following the photography shoots.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant admits that it has used certain images supplied by plaintiff and denies the remaining allegations in paragraph 21 of the Complaint.

22. Defendant admits that rates were discussed with certain models and denies the remaining allegations in paragraph 22 of the Complaint.

23. Defendant admits that plaintiff sent it certain invoices after the services were performed and denies the remaining allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant admits it made payments to plaintiff of $79,457 and denies the remaining allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits that plaintiff supplied its California counsel with selective documents and denies the remaining allegations in paragraph 28 of the Complaint.

## COUNT I
**(Breach of Contract)**

29. Defendant repeats and makes a part hereof its responses set forth in the foregoing paragraphs of this Answer to each of the numbered paragraphs of the Complaint as if fully set forth herein.

30. Defendant admits that plaintiff performed services and was paid in full for services performed as agreed by the parties, and denies the remaining allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

## COUNT II
### (Unjust Enrichment/*Quantum Meruit*)

33. Defendant repeats and makes a part hereof its responses set forth in the foregoing paragraphs of this Answer to each of the numbered paragraphs of the Complaint as if fully set forth herein.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

## COUNT III
### (Unjust Enrichment/Quantum Meruit)

35. Defendant repeats and makes a part hereof its responses set forth in the foregoing paragraphs of this Answer to each of the numbered paragraphs of the Complaint as if fully set forth herein.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

## RELIEF DEMANDED

Defendant denies that plaintiff is entitled to any of the relief described in the *ad damnum* clause of the Complaint under the heading "Jury Claim".

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant interposes the following separate and affirmative defenses without assuming any burden of production or proof that does not otherwise exist as a matter of law. Defendant reserves the right to assert any additional affirmative defenses for which the grounds become known to it during discovery.

## FIRST SEPARATE OR AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a cause of action against Defendant.

### SECOND SEPARATE OR AFFIRMATIVE DEFENSE

The First Amended Complaint should be dismissed based on the doctrine of *forum no conveniens*.

### THIRD SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's alleged agreement with defendant is unenforceable, in whole or in part, because it is indefinite and lacks essential and material terms required for an enforceable and binding contract.

### FOURTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's alleged agreement with defendant is unenforceable, in whole or in part, because it lacked mutual assent and/or a "meeting of the minds".

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged agreement with defendant, in whole or in part, is unenforceable because it violates the applicable Statue of Frauds.

### SIXTH SEPARATE OR AFFIRMATIVE DEFENSE

Assuming plaintiff entered into an enforceable and binding contract with defendant, plaintiff suffered no damages because defendant fulfilled its obligations to compensate plaintiff under such contract.

### SEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint are barred, in whole or in part, because defendant paid plaintiff the amount of compensation the parties agreed would be paid for plaintiff's performance of certain obligations.

## EIGHTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint are barred, in whole or in part, because they are based on an alleged oral agreement with an employee or employees of defendant who lacked actual authority to bind defendant to such alleged oral agreement.

## NINTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint are barred because defendant paid plaintiff the reasonable value of the services provided by plaintiff to Defendant.

## TENTH SEPARATE OR AFFIRMATIVE DEFENSE

Each claim in the First Amended Complaint is barred because any recovery of damages from defendant would result in plaintiff's unjust enrichment.

## ELEVENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint are barred by the doctrine of equitable estoppel.

## TWELFTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint are barred by the doctrine of accord and satisfaction.

## THIRTEENTH SEPARATE OR AFFIRMATIVE DEFENSE

Plaintiff's claims in the First Amended Complaint are barred, in whole or in part, on the grounds that plaintiff fraudulently induced defendant to enter into an oral agreement for certain services and or goods by (a) falsely representing to, and/or fraudulently concealing from, defendant before such alleged agreement (i) the nature of the services that would be performed and or goods supplied; and (ii) plaintiff's charges for such services and/or goods; (b) which facts plaintiff knowingly concealed from defendant and/or represented to defendant knowing their falsity and with an intention to induce defendant to enter into an agreement; and (c) which failure

to disclose such facts and/or representations defendant reasonably relied upon in proceeding with its performance of its obligations.

WHEREFORE, defendant Madaluxe Group, LLC demand judgments in its favor and against plaintiff dismissing the First Amended Complaint, together with an award of attorney's fees and costs of suit, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
August 11, 2021

                                              SILLS CUMMIS & GROSS P.C.

                                              By: *s/ Michael J. Geraghty*
                                                    Michael J. Geraghty
                                              101 Park Avenue, 28th Floor
                                              New York, New York 10178
                                              (212) 643-7000
                                              mgeraghty@sillscummis.com

                                              *Attorneys for Defendant*
                                              *Madaluxe Group, LLC*